IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ANDREW YELLOWBEAR, JR.,<br><br>               Plaintiff,<br><br>   v.<br><br>JIM SALMONSEN; TERRIE STEFALO; ROXANNE WIGERT; JEFFREY CEASE; PAUL THOMPSON; RON McDONALD; AMBER GRAHAM; DJ GODFREY; SCOTT McNEIL; JEFFREY McNABB; and MONIQUE MILLER,<br><br>               Defendants. | **CV-21-59-BU-BMM**<br>**CV-22-2-H-BMM**<br><br>**ORDER** |

## INTRODUCTION

Plaintiff Andrew Yellowbear Jr. ("Yellowbear"), appearing pro se, filed a motion to set aside the Court's order dismissing the case *Yellowbear v. Salmonsen et al.*, No. 22-cv-2-H-BMM (D. Mont. March 15, 2022), on January 26, 2024. (Doc. 17.) Yellowbear filed subsequently a notice of supplemental authority on January 30, 2024. (Doc. 19.) Defendants oppose Yellowbear's motion. (Doc. 20.) The Court declines to grant Yellowbear's motion based on the following discussion.

## FACTUAL AND LEGAL BACKGROUND

Yellowbear filed this action pursuant to 42 U.S.C. § 1983, asserting that his Eight and Fourteenth Amendment rights were violated while incarcerated at the Montana State Prison ("MSP"). (Doc. 1 at 5.) Yellowbear alleged that he suffered severe physical, mental, and emotional pain, and that he required medical treatment. (*Id.* at 6.)

The Court transferred this action to the Helena division of the District of Montana on January 6, 2022. (Doc. 15). The Court subsequently re-numbered this action as Case No. 22-cv-2-H-BMM. The parties filed a joint motion to dismiss after reaching a settlement on March 15, 2022. (Doc. 16). The parties agreed that the action was to be dismissed with prejudice, and that each party would bear its own fees and costs. (*Id.* at 1.) The Court granted the joint motion to dismiss on March 15, 2022. (Doc. 17.) Yellowbear filed a motion for sanctions on December 22, 2023. (Doc. 18.) The Court denied Yellowbear's motion for sanctions on January 8, 2024. (Doc. 19.)

## LEGAL STANDARD

Fed. R. Civ. P. 60(b)(3) provides that a court may relieve a party from a final judgment, order, or proceeding for fraud, misrepresentation, or misconduct by an opposing party. To prevail on a Rule 60(b)(3) motion, "the moving party must prove by clear and convincing evidence that the [judgment] was obtained through fraud,

2

misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting" its case. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). "Rule 60(b)(3) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Tanke v. Chertoff*, No. CV-07-0062-H-RKS, 2010 WL 8581733, at *1 (D. Mont. Dec. 20, 2010) (citations and quotations omitted).

Fed R. Civ. P. 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason that justified relief." A Rule 60(b) motion must be made within a reasonable time, and, in the case that the Rule 60 motion is based on alleged fraud, no more than one year after the entry of judgment or order. Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

Rule 60(b) "does not particularize the factors that justify relief; [instead] it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *United States v. State of Wash.*, 98 F.3d 1159, 1163 (9th Cir. 1996) (quoting *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949).

## DISCUSSION

Yellowbear filed a notice of supplemental authority, indicating that he wished to assert his claim for relief from judgment under Fed. R. Civ. P. 60(b)(6), not Fed. R. Civ. P. 60(b)(3) as originally argued. The Court will analyze Yellowbear's claim under both Fed. R. Civ. P. 60(b)(3) and 60(b)(6) for sake of thoroughness and to avoid confusion.

Yellowbear contends that Defendant Paul Thompson ("Thompson") created and used a falsified and invalid report during the course of this action. (Doc. 18 at 2.) Defendants dispute Yellowbear's accusation and state that the marks on the Thompson report identified by Yellowbear were the result of a dirty photocopier or scanner. (Doc. 20-3 at 1.) Yellowbear's allegations fail to rise to the level of clear and convincing evidence.

Yellowbear failed to comply with the requirements of Fed. R. Civ. P. (60)(c)(1) at the outset. Fed. R. Civ. P. 60(c)(1) requires a party to assert a Rule 60 motion based on fraud no more than one year after the entry of judgment or order. The Court recognizes that more than one year has passed since the Court granted the parties joint motion to dismiss on March 15, 2022. Yellowbear further fails to allege or otherwise provide evidence of any reason why he waited nearly two years from the Court's dismissal of this suit to file his motion for relief from a final order. (See Doc. 17 (filed March 15, 2022)); (Doc 18 (filed January 18, 2024.)). Yellowbear

4

fails additionally to demonstrate that his motion was filed in a reasonable time. Yellowbear's motion is therefore barred by the time requirements of Rule 60.

Yellowbear's arguments prove insufficient even if the Court were to reach the merits of his claim. Yellowbear's counsel emailed Defendants' counsel on March 9, 2022, in which they wrote, "[Yellowbear] thinks that . . . [Thompson]'s report, has been falsified. He specifically mentions the markings in the upper part of the page as being indicative of the falsification. He suggests that you should look at the original." (Doc. 17-2 at 6.) Defendants provided evidence that their counsel emailed Yellowbear's counsel and stated, "[t]o me, the marking on [Thompson's] report clearly are from a photocopier or scanner." (Doc. 20-3 at 1.) Yellowbear's counsel responses, "Geezopete. That's what I told him when he brought it up." (*Id.*)

Yellowbear and Defendants entered a general release of Yellowbear's claim on March 9, 2022, the same day his counsel noted his concerns with Thompson's report. (*Id.* at 9.) Yellowbear filed his joint motion to dismiss the case on March 15, 2022, or approximately six days after demonstrating concern over Thompson's report but still signing the general release. (Doc. 16.)

The Court views such evidence as Yellowbear having knowledge or notice of his issues concerning Thompson's report, but still choosing to enter a general settlement with the Defendants. Yellowbear agreed to "fully and forever release and discharge [Defendants] from any and all actions, claims, causes of action, demands,

or expenses for damages or injuries, whether asserted or unasserted, known or unknown, foreseen or unforeseen, arising out of the described occurrence." (Doc. 17-2 at 7.)

The Court determines that Yellowbear's likely contemporaneous knowledge of alleged issues with Thompson's report with his agreement with the general release prevents him from proving by clear and convincing evidence that the Court's order was the product of fraud. Yellowbear, as a plaintiff represented by counsel, engaged in settlement negotiations with the Defendants, and he ultimately agreed to release all claims arising out of his allegations for a monetary sum. (*Id.* at 5-9.)

Yellowbear's claim for relief, pursuant to either Fed. R. Civ. P. 60(b)(3) or Fed. R. Civ. P. 60(b)(6), fails on the merits and is procedurally barred as untimely. The Court declines to grant Yellowbear's prayer for such extraordinarily relief. The Court makes no finding as to whether the Thompson report, or any other document in this action, was falsified or otherwise altered.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Yellowbear's motion for relief from final order pursuant to Fed. R. Civ. P. 60(b)(3) is **DENIED**.

2. The parties are ordered to file any future motions in this action in the docket for Case No. 22-cv-2-H-BMM. Case No. 21-cv-59 was closed when the

Court transferred this action to the Helena division of the District of Montana.

DATED this 12th day of February 2024.

_____
Brian Morris, Chief District Judge
United States District Court